OPINION
{¶ 1} Annette Hixson was found guilty after a bench trial of domestic violence. The trial court imposed the maximum sentence, fine, and court costs. The sentence and fine were suspended, and Hixson was placed on supervised probation for one year. On appeal, Hixson asserts as her assignment of error that the conviction was against the manifest weight of the evidence.
 {¶ 2} The State's case consisted of the testimony of the victim, Donald Fitzwater, who is Hixson's brother; Tammy Danneker, who is Hixson's sister; and Joyce Fitzwater, the mother of Donald Fitzwater, Danneker, and Hixson.
 {¶ 3} Donald Fitzwater, Joyce Fitzwater, and Danneker testified that they and Hixson were at Joyce Fitzwater's home around 10:30 p.m. on January 9, 2003, at which time Joyce Fitzwater and Hixson were arguing. Hixson pointed a finger at her mother, almost poking her in the eye. At that point, Donald Fitzwater intervened, verbally protesting Hixson's behavior toward their mother. Danneker physically pushed Hixson against a wall, after which Hixson started swinging her arms, striking Donald on the top of his head, eye, and lip, scratching his lip and causing him pain.
 {¶ 4} Hixson testified that upon arriving at her mother's home after driving to Dayton from Georgia, her mother, brother, and sister were all giving her a hard time. She said that she pointed a finger at her mother, after which her brother and sister grabbed her. She said Donald Fitzwater belittled her and spit in her face. She denied swinging her arms and said the State's witnesses lied about the nature of the argument with her mother and about her swinging her arms.
 {¶ 5} R.C. 2919.25(A) provides that no person shall knowingly cause or attempt to cause physical harm to a family member.
 {¶ 6} Reversal of convictions as against the manifest weight of the evidence was discussed in State v. Thompkins (1997),78 Ohio St.3d 380 at 387:
 {¶ 7} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. (Citations omitted). Weight of the evidence concerns `the inclination of the greater amount ofcredible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducingbelief.' (Emphasis added.) (Citations omitted).
 {¶ 8} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony. (Tibbs v. Florida [1982]), 457 U.S. at 42,102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983),20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717,720-721. (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')"
 {¶ 9} Hixson claims we should reverse because (1) she denied hitting her brother, (2) the testimony of the State's witnesses was inconsistent, (3) there was no physical evidence of harm, (4) and that any contact between Hixson and her brother was accidental.
 {¶ 10} After reviewing the transcript of the bench trial, we cannot agree. There was conflicting evidence as to whether Hixson struck her brother, and it was the province of the trial court to determine this matter of credibility. As a reviewing court, we are highly deferential to this determination. State v. Lawson
(Aug. 22, 1977), Montgomery App. No. 16288. The inconsistencies among the testimonies of the State's witnesses were not significant, and the lack of physical evidence of harm did not prevent the trial court from reasonably crediting the testimony of Donald Fitzwater that Hixson's blows caused pain and scratched his lip. See R.C. 2901.01(A)(3). As to the claim that any contact was accidental, we believe that the testimony of the State's witnesses supported an inference that Hixson knowingly caused or attempted to cause physical harm to Donald Fitzwater, and that the contact was not accidental.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} The judgment will be affirmed.
Fain, P.J. and Grady, J., concur.